1 | CARROLL, KELLY, TROTTER, FRANZEN, McBRIDE & PEABODY
2 | MARK V. FRANZEN (STATE BAR NO. 079470)
  | JENNIFER L. STURGES (STATE BAR NO. 155703)
  | MICHELLE L. BUXTON (STATE BAR NO. 286168)
3 | 111 West Ocean Boulevard, 14th Floor
  | Post Office Box 22636
4 | Long Beach, California 90801-5636
  | Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785
5 |
6 | Attorneys for Defendant, ANNE BRANTMAN

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ROCHELLE NISHIMOTO, individually and as Successor in Interest to JASON NISHIMOTO,

Plaintiff,

v.

COUNTY OF SAN DIEGO; and DOES 1-100, inclusive,

Defendants.

CASE NO. 16-cv-1974 BEN JMA

Hon. Roger T. Benitez

**ANNE BRANTMAN'S ANSWER TO THIRD AMENDED COMPLAINT**

Complaint Filed:   August 5, 2016
Trial Date:        None Set

JURY TRIAL IS REQUESTED

COMES NOW, Defendant, ANNE BRANTMAN, answering ROCHELLE NISHIMOTO, individually and as Successor in Interest to JASON NISHIMOTO'S Third Amended Complaint on file herein, and hereby denies and alleges as follows:

1. In response to paragraphs 1-7, 13-16, 18-22, 24-26 and 28-52, 58-62, 63-67 of the Third Amended Complaint, Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis generally and specifically denies each and every allegation contained therein.

2. In response to paragraph 8 of the Third Amended Complaint, Defendant

admits that she spoke with Plaintiff. Defendant admits that during this conversation they discussed Decedent's medical history and medications. Defendant admits that she was an independent contractor of Correctional Physicians Medical Group during the relevant time period. Defendant admits that the encounter note states that Decedent Jason Nishimoto "seems under the influence, slurring, hard to understand but coherent enough for a conversation". Defendant denies the remaining allegations in this paragraph.

3. In response to paragraph 9 of the Third Amended Complaint, Defendant admits that the encounter note states that "Inmate took a bunch of Klonopin per record and inmate admission and is still drugged from the accidental OD. Was taken to TCMC and released…Inmate agreed to let me call his mother for better history since we have no information on him but appears to have serious mental illness….Writer called mother, Rochelle. She reports inmate long hx of 295.7 and usually been doing well until this past July when mother claims he totally decompensated. She's not sure but she says two 5150s to TCMC then released…seeing Dr. Bobo for years but recently he and Dr. Bobo were having trouble likely b/c inmate more symptomatic and paranoid and agitated overall.  Inmate currently claims he is okay. Denies si [suicidal ideations]/hi [homicidal ideations] but residual drugged effect." Defendant admits that she did not prescribe Decedent any medication and scheduled a psychiatric follow up for two days later. Defendant denies the remaining allegations in this paragraph.

4. In response to paragraph 10 of the Third Amended Complaint, Defendant admits that the encounter note states that "Inmate took a bunch of Klonopin per record and inmate admission". Defendant denies the remaining allegations in this paragraph.

5. In response to paragraph 11 of the Third Amended Complaint, Defendant admits that she recommended Decedent be placed under medical observation. Defendant denies the remaining allegations in this paragraph.

6. In response to paragraph 12 of the Third Amended Complaint, Defendant admits that she spoke with personnel from Vista Detention Facility regarding her recommendation that Decedent be placed under medical observation. Defendant lacks

the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph, and on that basis denies the remaining allegations.

7. In response to paragraphs 17, 22, 23, 69 and 143 of the Third Amended Complaint, these paragraphs consist of statements of law, argument or legal conclusions and no response is required. To the extent any response is required to the allegations in these paragraphs, Defendant denies the allegations contained therein.

8. In response to paragraph 26 of the Third Amended Complaint, Defendant admits that she was an independent contractor of Correctional Physicians Medical Group during the relevant time period and evaluated Decedent on September 25, 2015. Defendant denies the remaining allegations in this paragraph.

9. In response to paragraph 27 of the Third Amended Complaint, Defendant admits she was an independent contractor of Correctional Physicians Medical Group during the relevant time period. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph, and on that basis denies the remaining allegations.

10. In response to paragraph 53 of the Third Amended Complaint, Defendant admits that during this conversation they discussed Decedent's medical history and medications. Defendant admits that she was an independent contractor of Correctional Physicians Medical Group during the relevant time period. Defendant admits that the encounter note states that Decedent Jason Nishimoto "seems under the influence, slurring, hard to understand but coherent enough for a conversation". Defendant denies the remaining allegations in this paragraph.

11. In response to paragraph 54 of the Third Amended Complaint, Defendant admits that the encounter note states that "Writer called mother, Rochelle. She reports inmate long hx of 295.7 and usually been doing well until this past July when mother claims he totally decompensated. She's not sure but she says two 5150s to TCMC then released…seeing Dr. Bobo for years but recently he and Dr. Bobo were having trouble likely b/c inmate more symptomatic and paranoid and agitated overall. Inmate currently

1  claims he is okay. Denies si [suicidal ideations]/hi [homicidal ideations] but residual
2  drugged effect." Defendant admits that she did not prescribe Decedent any medication
3  and scheduled a psychiatric follow up for two days later. Defendant admits that she
4  offered comforting words to plaintiff during the telephone call. Defendant denies the
5  remaining allegations in this paragraph.

6       12.    In response to paragraph 55 of the Third Amended Complaint, Defendant
7  admits that the encounter note states that, "Writer called mother, Rochelle. She reports
8  inmate long hx of 295.7 and usually been doing well until this past July when mother
9  claims he totally decompensated. She's not sure but she says two 5150s to TCMC then
10 released…seeing Dr. Bobo for years but recently he and Dr. Bobo were having trouble
11 likely b/c inmate more symptomatic and paranoid and agitated overall. Inmate currently
12 claims he is okay. Denies si [suicidal ideations]/hi [homicidal ideations] but residual
13 drugged effect." Defendant admits that she did not prescribe decedent any mediation.
14 Defendant admits that she did not recommend Decedent be housed in a safety cell.
15 Defendant denies the remaining allegations in this paragraph.

16      13.    In response to paragraph 56 of the Third Amended Complaint, Defendant
17 admits that she recommended the Defendant be placed under medical observation.
18 Defendant denies the remaining allegations in this paragraph.

19      14.    In response to paragraph 57 of the Third Amended Complaint, Defendant
20 admits that she spoke with personnel from Vista Detention Facility regarding her
21 recommendation that Decedent be placed under medical observation.  Defendant lacks
22 the knowledge or information sufficient to form a belief as to the truth of the remaining
23 allegations in the paragraph, and on that basis denies the remaining allegations.

24      15.    In response to paragraphs 68, 84, 121, 142, 145, 149 and 152 of the Third
25 Amended Complaint, which merely incorporates by reference other paragraphs of the
26 Third Amended Complaint, Defendant incorporates by reference its response to each of
27 those other paragraphs.
28 ///

16. In response to paragraphs 70-72, 75-83 of the Third Amended Complaint, Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis generally and specifically denies each and every allegation contained therein.

17. In response to paragraph 73 of the Third Amended Complaint, Defendant admits that she evaluated Decedent on September 25, 2015. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis generally and specifically denies each and every allegation contained therein.

18. In response to paragraph 74 of the Third Amended Complaint, Defendant admits that she spoke with Plaintiff on September 25, 2015. Defendants admits that she spoke with Defendant Vickie Felizardo regarding her recommendation to place Decedent under medical observation. Defendant denies the remaining allegations in this paragraph.

19. In response to paragraphs 85-120 of the Third Amended Complaint, Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis generally and specifically denies each and every allegation contained therein

20. In response to paragraphs 122-141 of the Third Amended Complaint, Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis generally and specifically denies each and every allegation contained therein.

21. In response to paragraphs 144, 146-148, 150-151, and 153-154 of the Third Amended Complaint, these paragraphs consist of statements of law, argument or legal conclusions and no response is required. To the extent any response is required to the allegations in these paragraph, Defendant denies the allegations contained therein.

///

///

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

22. As a first, separate and distinct affirmative defense, Defendant alleges that the Third Amended Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

23. This answering Defendant is informed and believes and based thereon Plaintiff and Decedent, failed to exercise ordinary and reasonable care on their own behalf at the time and place referred to in the Third Amended Complaint and that such negligence on the part Plaintiff and Decedent proximately caused and contributed to Plaintiff and Decedent's claimed injuries and damages, and that if Plaintiff recovers any sum whatsoever herein from Defendant, such sum must be diminished in proportion to the fault of Plaintiff and Decedent.

### THIRD AFFIRMATIVE DEFENSE

24. This answering Defendant is informed and believes and based thereon alleges that persons and parties other than Plaintiff and Decedent and Defendant, failed to exercise ordinary or reasonable care at the time and place referred to in the Third Amended Complaint and that such negligence on the part of said other persons or parties proximately caused and contributed to the injuries and damages of Plaintiff and that if Plaintiff recovers any sums whatsoever herein, such amount must be diminished in proportion to the fault of said other persons or parties and such damages, if any, must be borne by said persons and parties on a pro-rata basis.

### FOURTH AFFIRMATIVE DEFENSE

25. This Defendant's responsibility, if any, to Plaintiff, is limited pursuant to the provisions of the Fair Responsibility Act of 1986.

### FIFTH AFFIRMATIVE DEFENSE

26. In the event this answering Defendant is found to have been negligent (which supposition is denied and merely stated for the purpose of this affirmative

defense), then Defendant may elect to introduce evidence of amounts paid or payable, if any, as a collateral source benefit to Plaintiff pursuant to Section 3333.1 of the California Civil Code.

**SIXTH AFFIRMATIVE DEFENSE**

27. In the event this answering Defendant is found to have been negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), then the damages for non-economic losses, if any, shall not exceed the amount specified in Section 3333.2 of the California Civil Code.

**SEVENTH AFFIRMATIVE DEFENSE**

28. In the event this answering Defendant is found to have been negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), this Defendant may elect to have future damages, if any, in excess of the amount specified in Section 667.7 of the California Code of Civil Procedure paid in whole or in part, as specified in said Section.

**EIGHTH AFFIRMATIVE DEFENSE**

29. The Third Amended Complaint and each cause of action therein is barred by the statute of limitations including but not limited to Section 340.5 of the California Code of Civil Procedure and all other appropriate sections.

**NINTH AFFIRMATIVE DEFENSE**

30. The actions of this Defendant are immunized from liability pursuant to Sections 2396 and 2397 of the California Business and Professions Code; and Section 1317(f) of the California Health and Safety Code.

**TENTH AFFIRMATIVE DEFENSE**

31. Defendant alleges that Plaintiff's conduct was undertaken with unclean hands, and as such Plaintiff is estopped from pursuing her claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

32. Defendant alleges that it is not liable by operation of Section 820.4 of the Government Code.

### TWELFTH AFFIRMATIVE DEFENSE

33. Defendant alleges that it is not liable by operation of Section 820.6 of the Government Code.

### THIRTEENTH AFFIRMATIVE DEFENSE

34. Defendant alleges that it is not liable by operation of Section 845.6 of the Government Code.

### FOURTEENTH AFFIRMATIVE DEFENSE

35. Defendant alleges that it is not liable by operation of Section 855.6 of the Government Code.

### FIFTEENTH AFFIRMATIVE DEFENSE

36. Defendant alleges that any claim, demand, liability, judgment, awards, fines, losses, damages, expenses, charges or costs of any kind or character, including attorneys' fees and court costs, incurred by Plaintiffs as a result of the incident alleged in Plaintiff's Third Amended Complaint were due to the sole negligence or willful misconduct of Plaintiff or Decedent.

### SIXTEENTH AFFIRMATIVE DEFENSE

37. That Plaintiff's Third Amended Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action in that Plaintiff's claim is barred by the doctrine of waiver.

### SEVENTEENTH AFFIRMATIVE DEFENSE

38. That Plaintiff's Third Amended Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action in that Plaintiff's claim is barred by the doctrine of laches.

### EIGHTEENTH AFFIRMATIVE DEFENSE

39. That Plaintiff's Third Amended Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action in that Plaintiff's claim is barred by the doctrine of unclean hands .

///

WHEREFORE, Defendant prays as follows:

1. That the action be dismissed with prejudice;

2. That Plaintiff take nothing by her action;

3. That Defendant recover costs of suit incurred herein, including attorneys' fees; and

4. For such other and further relief as the Court deems proper and just.

DATED: September 25, 2018

CARROLL, KELLY, TROTTER, FRANZEN, McBRIDE & PEABODY

By: _____
MARK V. FRANZEN
JENNIFER L. STURGES
MICHELLE L. BUXTON
Attorneys for Defendant,
ANNE BRANTMAN

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Post Office Box 22636, Long Beach, CA 90801-5636. On September 26, 2018, I served a true copy of **ANNE BRANTMAN'S ANSWER TO THIRD AMENDED COMPLAINT** by personally delivering it to the person(s) indicated below in the manner as provided in FRCivP 5(B); by:

( )   **BY MAIL**
By causing a true copy thereof, enclosed in a sealed envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at Long Beach, California.

(x )   **By PACER CM/ECF**
I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed on September 26, 2018, at Long Beach, California.

_____
ROSA BATTLES

| | | |
|---|---|---|
| 1 | **Proof of Service Mailing List** | |
| 2 | **Re: Nishimoto v County of San Diego** <br> **Case No. Case 3:16-cv-01974-BEN-JMA** | |
| 3 | | |
| 4 | Christopher S. Morris, Esq., <br> Danielle R. Pena, Esq. | 321-5414-01 |
| 5 | MORRIS LAW FIRM, APC <br> 501 West Broadway, Suite 1480 | |

Christopher S. Morris, Esq.,                                                321-5414-01
Danielle R. Pena, Esq.
MORRIS LAW FIRM, APC
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065
E-mail: cmorris@morrislawfirmapc.com
**Attorneys for Plaintiffs, ROCHELLE NISHIMOTO, individually and as Successor in Interest to JASON NISHIMOTO**

THOMAS E. MONTGOMERY                                          321-5414-01
County Counsel, County of San Diego
By FERNANDO KISH, Senior Deputy
MELISSA M. HOLMES, Senior Deputy
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4713; Fax: (619) 531-6005
E-mail: fernando.kish@sdcounty.ca.gov
**Attorneys for Defendant, COUNTY OF SAN DIEGO**

Lauren E. Hardisty, Esq.                                                      321-5414-01
LOTZ, DOGGETT & RAWERS, LLP
101 West Broadway, Suite 1110
San Diego, CA  92101
Telephone No.: 619-233-5565
Facsimile No.: 619-233-5564
E-mail: lhardisty@ldrlaw.com
**Attorneys for CPMG**