LOTZ, DOGGETT & RAWERS, LLP
JEFFREY S. DOGGETT, State Bar No. 147235
LAUREN E. HARDISTY, State Bar No. 258531
101 West Broadway, Suite 1110
San Diego, California 92101
Telephone (619) 233-5565
Facsimile  (619) 233-5564

Attorneys for Defendant, CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE NISHIMOTO, individually and as Successor in Interest to JASON NISHIMOTO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and DOES 1-100, inclusive<br><br>Defendants. | CASE NO.: 16-cv-1974-BEN-JMA<br><br>**CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC.'S MOTION FOR SANCTIONS FOR VIOLATION OF THE PROTECTIVE ORDER**<br><br>Judge:  Hon. Roger T. Benitez<br>Date:   March 4, 2019<br>Time:   10:30 a.m.<br>Room:   5A |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On July 13, 2018, Magistrate Judge Jan Adler granted the parties joint motion and signed the applicable protective order in this case. [Dkt. #65] In relevant part, the protective order provides as follows:

> *The protective order governs the dissemination and maintenance of...other materials that may contain confidential sensitive information that are produced and released to plaintiff and his attorney, or any other party in this lawsuit...*
> *4.  Plaintiff and his attorney, and any other party to this lawsuit, shall not disclose the contents of the documents, or provide the documents or copies of the documents, or*

CASE No: 16-cv-1974-BEN JMA   **CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC.'S MOTION FOR SANCTIONS FOR VIOLATION OF THE PROTECTIVE ORDER**

> *substance of the documents or electronically disseminate the documents or date extracted from the documents, to any except as specified herein...*
> *8. Documents designated as Confidential shall not be field with the Clerk of the Court except under seal in a manner consistent with such procedures provided by the Court and/or as allowed by a Court order...*
> *11. Counsel is required to advise, instruct, and supervise associates, staff and employees of counsel to keep designated confidential material confidential in the strictest possible fashion...* (*Emphasis* added.)

On December 6, 2018, the COUNTY OF SAN DIEGO (hereinafter"County") produced an email exchange between CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC. (hereinafter "CPMG") and the County. The document was clearly marked CONFIDENTIAL and subject to the protective order in this case. On January 2, 2019, Plaintiff's counsel, Morris Law Firm, filed a Motion for Reconsideration of the Dismissal of the 1983 claims against CPMG, Motion for Leave to Add Three CPMG officials and Leave to Continue Discovery on a limited issue (hereinafter "Motion for Reconsideration"). [Dkt. #119] Attached as Exhibits 1 and 3 to the Motion for Reconsideration are documents that are clearly marked "CONFIDENTIAL." Additionally, language from the attached confidential documents is included in the Motion for Reconsideration. These documents are clearly the subject of the Protective Order in this case. These documents and the quoted language were not filed under seal as required by the Protective Order entered in this case and are thus available to the public. [Hardisty Dec., ¶2]

On January 7, 2019, just five days after Plaintiff's counsel impermissibly published confidential documents, Plaintiff's counsel in *The Estate of Ruben Nunez, et al. v. County of San Diego, et al.*, case number 16-CV1412-BEN(MDD) filed a Motion for Reconsideration in that case. [*Nunez* Dkt. #337] The *Nunez* Motion for Reconsideration is based upon the same email which Plaintiff's counsel failed to file under seal. Notably, counsel for Plaintiffs in *Nunez* also failed to file the document under seal despite being marked confidential. [Hardisty Dec., ¶2]

In support of the *Nunez* Motion for Reconsideration, Plaintiffs' counsel, Julia Yoo filed a declaration in which she states under oath that she obtained the confidential documents from the public filing by the Morris Law Firm in this case. [*Nunez* Dkt. #337-1, ¶19] The public filing of these documents in violation of the Court's order in this case has caused severe prejudice to Defendant CPMG as well as violating the privacy rights of other providers and patients who have nothing to do with this case. [Hardisty Dec., ¶3]

It is clear from the subsequent conduct and meet and confer attempts with Mr. Morris of the Morris Law Firm, that this public disclosure of a document marked confidential was done intentionally to provide the information to Plaintiff's counsel in *Nunez*. It is clear from the meet and confer email correspondence between counsel for CPMG and Plaintiff, that Plaintiff's counsel had conversations with Plaintiffs' counsel in *Nunez* regarding the confidential documents. For example, Mr. Morris stated "At any rate, before filing, Julia indicated to us that she and her clients were waiving any confidentiality as it pertains to any mention of Mr. Nunez that might be in the documents." (Hardisty Dec., Meet and Confer Email Correspondences, **Exhibit 1**) Clearly there were conversation, the nature of which are also prohibited by the protective order, which occurred between the relative Plaintiff's attorneys in these cases. [Hardisty Dec., ¶3]

As a result of the public disclosure, which counsel for CPMG tried to rectify, CPMG is now being forced to re-litigate issues in *Nunez*. Additionally, confidential information about healthcare providers working in the jails and other inmates not involved in the Nishimoto case are now public knowledge. Although contacting another Plaintiff's attorney in violation of the protective order in this case, Plaintiff's counsel never reached out to the defendants in this case to ascertain their positions on the public disclosure of the confidential document, further confirming it was done

intentionally to provide additional information to Plaintiff's counsel in *Nunez.* [Hardisty Dec., ¶4]

Prior to filing this Motion, counsel for CPMG reached out to Plaintiff's counsel on several occasions to ask them to please take down the motion and confidential documents and file them under seal. On several occasions, Plaintiff's counsel refused. Then, after being put on notice of CPMG's position relative to this document, Plaintiff's counsel again filed the document publically in *Moriarty v. County of San Diego,* et al., Case No. 3:17-cv-01154-LAB-AGS, [Dkt. #64], confirming the intentional nature of their conduct. [Hardisty Dec., ¶5, **Exhibit 2**]

## II.

## AUTHORITY/ARGUMENT

FRCP 37(b)(2)(A) provides in relevant part:

> For Not Obeying a Discovery Order. If a party or a party's officer, director or managing agent...fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35 or 37(a), the court where the action is pending may issue further just orders. They may include the following:...
>
> (ii) prohibiting the disobedient party from supporting or opposing the designated claims or defenses, or from introducing designated matters in evidence;
>
> (v) dismissing the action or proceeding in whole or in part;... or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"[T]he Ninth Circuit has repeatedly held that Rule 37 'provide[s] comprehensively for enforcement of all [discovery] orders, including Rule 26(c) protective orders.'" *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, U.S. Dist. Lexis 11788, 33 (N.D. Cal. Jan. 29, 2014); *Ewing v. K2 Prop. Dev., LLC*, U.S. Dist. Lexis 172793 (S.D. Cal. October 4, 2018). "In order to determine whether or not a protective order has

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

been violated, courts focus on the terms of the order itself." *Apple, Inc.* at 33. Paragraph 4 of the protective order provides as follows:

> *Plaintiff and his attorney, and any other party to this lawsuit, shall not disclose the contents of the documents, or provide the documents or copies of the documents, or substance of the documents or electronically disseminate the documents or date extracted from the documents, to any except as specified herein...*[Dkt. #65] (*Emphasis* added.)

Based on the language of the Protective Order, there is no willfulness requirement that must be established when determining that the Protective Order was violated. *Id.* at 34. However, Plaintiff's counsel's actions clearly establish that this was a willful disclosure done in bad faith to assist a fellow Plaintiff's attorney. Based on the language of the protective order and the documents that were publically filed by Plaintiff's counsel, it is clear that the Protective Order was violated and CPMG was prejudiced as a result of the violation. "The burden is non the noncomplying party to show that the failure was due to inability and not to willfulness, bad faith or fault. The rationale behind the presumption is that, 'if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion. *Intercept Sec. Corp. V. Code-Alarm, Inc.*, 169 F.R.D. 318, 322 (1996).

It is clear from the meet and confer email correspondences and subsequent actions of Plaintiff's counsel, that Plaintiff's counsel intentionally filed these documents to assist another Plaintiff attorney in the community and embarrass CPMG. The emails establish that Plaintiff's counsel spoke with the other attorney about the documents despite the fact that they were marked confidential. The timing of the filing of the *Nunez* Motion for Reconsideration shows that Plaintiff's counsel in *Nunez* knew that documents they wanted were being filed publicly. There was a conversation among the relative Plaintiffs' attorneys regarding whether there was any privileged information in the documents. There was a complete failure to discuss the filing with defense counsel. Given the nature of the disclosure, the prejudice to CPMG and third-

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

parties set forth above, Defendant requests this court dismiss CPMG from the matter. In the alternative, Defendant requests the court impose evidentiary sanction and hold the Morris Law Firm in contempt of court.

## III.
## CONCLUSION

Base on the foregoing, Defendant respectfully requests this court grant its motion for sanctions for violation of the Protective Order. Given the intentional nature of the conduct at issue and the damages created thereby, CPMG requests this court dismiss the action as to CPMG. In the alternative, CPMG requests that Plaintiff's be precluded from introducing these confidential documents, or any parts therefrom, into evidence. CPMG further requests this court order Plaintiff's counsel to pay sanctions for requiring the filing of this motion to force compliance with a court order.

DATED: February 1, 2019          LOTZ, DOGGETT & RAWERS, LLP

By:___/s/ *Lauren Hardisty*_____
    **Lauren E. Hardisty**
    Attorneys for Defendant,
    CORRECTIONAL PHYSICIANS
    MEDICAL GROUP, INC.