# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE NISHIMOTO individually and as Successor in Interest to JASON NISHIMOTO, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO; and DOES 1-100, inclusive, <br><br> Defendants. | Case No.: 3:16-cv-1974-BEN-LL <br><br> **ORDER DENYING IN PART PLAINTIFF'S MOTION:** <br> **(1) FOR RECONSIDERATION; and** <br> **(2) FOR LEAVE TO ADD THREE CPMG OFFICIALS** <br> **[Doc. 119]** |

Plaintiff Rochelle Nishimoto, individually and as Successor in Interest to Jason Nishimoto, moves the Court to (1) reconsider its previous order granting the parties' joint motion to dismiss Plaintiff's Section 1983 claims against Defendant CPMG, and (2) grant leave to amend Plaintiff's Complaint to add three individual CPMG defendants. [Doc. 119, parts 1 and 2.] For the following reasons, Plaintiff's motion is **DENIED**.[1]

---

[1] This Order does not dispose of Plaintiff's motion in its entirety because Plaintiff's motion additionally moves the Court for leave to continue discovery, an issue within the province of the magistrate judge. [Doc. 119, part 3]. The Court referred part 3 of Plaintiff's motion to Magistrate Judge Linda Lopez. [Doc. 122.]

1

3:16-cv-1974-BEN-LL

**A. Reconsideration Under Rule 60(b)(2)**

On October 11, 2018, Plaintiff and CPMG jointly filed for dismissal with prejudice Counts 1 and 4 (the § 1983 claims) against CPMG. [Doc. 78.] The Court granted the joint motion on November 16, 2018. [Doc. 100.] Plaintiff now moves the Court to "reconsider" its Order under Federal Rule of Civil Procedure 60(b)(2) because of newly discovered emails produced by the County of San Diego defendants on December 6, 2018. Under Rule 60(b)(2), the moving party must show that the (1) evidence constitutes newly discovered evidence; (2) the party exercised due diligence to discover this evidence; and (3) the newly discovered evidence is of such magnitude that production of it earlier would have been likely to change the outcome of the prior order. *See Coastal Transfer Co. v. Toyota Motor Sales*, 833 F.2d 208, 211 (9th Cir. 1987).

Here, Plaintiff offers no authority showing that Rule 60(b)(2) may be used to set aside an order granting a joint motion to voluntarily dismiss claims against a party. Regardless, even assuming that Rule 60(b)(2) is the proper vehicle, Plaintiff fails to establish the third factor—that the newly discovered evidence is of such magnitude that production of it earlier would have been likely to change the prior order. In support of her motion, Plaintiff contends that the newly discovered emails would "create material disputes" that "would defeat any dispositive motion." [Doc. 119-1.] However, Plaintiff is not moving this Court to reconsider an Order on a dispositive motion. Rather, Plaintiff is moving this Court to reconsider an Order granting Plaintiff's joint motion to dismiss the § 1983 claims against CPMG, a result Plaintiff's counsel concedes was based on her own "strategic decision to simplify certain issues and to focus her Section 1983 efforts on the county[][.]" [Doc. 119-1 at p. 12.] Plaintiff further contends that she should not be held to her strategic decision because the County "dragged its feet for seven months" in producing emails she requested. [*Id.*] The docket does not reflect, however, that Plaintiff ever attempted to rectify the County's alleged delay by moving to compel production of those emails. Moreover, Plaintiff offers no evidence that she could not have delayed her "strategic decision" to dismiss the claims against CPMG until after the County's long-

2

awaited email production. Thus, because the basis for Plaintiff's joint motion to dismiss was her own strategic decision, a decision that could have been delayed until after the County's email production, Plaintiff has not established the Court's Order would have been different. Furthermore, because the Court's Order was not based on the facts of the case, but rather on the parties' joint motion to dismiss, Plaintiff does not show how the newly discovered emails would have been likely to change the Court's decision to grant the parties' joint motion to dismiss. The motion to reconsider is **DENIED**.

### B. Leave to Add Three CPMG Individual Defendants

Based on the newly discovered emails, Plaintiff additionally moves for leave to amend her Complaint to name three new CPMG defendants, Drs. Mannis, Rao, and Badre. Plaintiff argues that, to evaluate whether leave should be granted, the Court first applies the good cause standard under Federal Rule of Civil Procedure 16(b), followed by the "when justice so requires" standard of Rule 15(a). [Doc. 119-1, p. 13.] The Court need not reach Rule 15(a)'s "when justice so requires" standard, however, because Plaintiff fails to state good cause.

Plaintiff filed her Complaint on August 5, 2016, more than two and a half years ago. Nonetheless, Plaintiff argues two grounds establish good cause for amending her Complaint at this late stage: (1) the newly discovered emails evince a feud between CPMG and the County of which she could not have been aware, and (2) the County may offer an empty chair defense that CPMG and its high-ranking officials were the parties responsible for the pattern of prior preventable suicides. As to the first ground, the Court is not persuaded that Plaintiffs were "not aware of" the feud between CPMG and the County "until after dismissal" of CPMG when Plaintiff discovered the emails. Indeed, the existence of an ongoing feud between CPMG and the County is not new information to the parties or to this Court. Moreover, before Plaintiff dismissed CPMG, CPMG's counsel disclosed to Plaintiff's counsel the separate action between the County and CPMG's Commercial General Liability Carrier relative to issues in this case and other cases

involving both parties. [Doc. 146-1 at ¶ 13.] Therefore, this ground does not state good cause.

Plaintiff's second proffered ground also fails to state good cause. Plaintiff argues that because the County may use an empty chair defense, "Plaintiff would have no discovery to defend against this argument." [Doc. 119-1 at p. 14.] After filing her motion, however, Plaintiff settled with the County and the County's individual defendants. *See* [Doc. 142 (order granting parties' joint motion to dismiss all of Plaintiff's claims against the County Defendants).] Because this theory is no longer a concern, it does not state good cause. Accordingly, Plaintiff's motion for leave to amend her Complaint to add three new defendants is **DENIED** for lack of good cause.

**IT IS SO ORDERED.**

Date: March 11, 2019

HON. ROGER T. BENITEZ
United States District Judge