UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE NISHIMOTO,<br><br>                  Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br>DOES 1-100, inclusive,<br><br>                  Defendants. | Case No.: 16CV1974-BEN-LL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO CONTINUE DISCOVERY ON A LIMITED ISSUE**<br><br>**[ECF No. 119-3]** |

Currently before the Court is Plaintiff Rochelle Nishimoto's "Motion for Leave to Continue Discovery on a Limited Issue" [ECF No. 119 ("Mot.")], Defendant Correctional Physicians Medical Group ("CPMG")'s Response [ECF No. 146 ("Opp.")], and Plaintiff's Reply [ECF No. 149 ("Reply")].

For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Leave.

## RELEVANT BACKGROUND

On January 2, 2019, Plaintiff filed a motion requesting that the Court: (1) reconsider its previous order granting the Parties' Joint Motion to Dismiss Plaintiff's Section 1983 claims against CPMG; (2) grant Plaintiff leave to amend her Complaint to add three individual CPMG defendants; and (3) grant Plaintiff leave to conduct additional limited

discovery. See ECF No. 119. On January 4, 2019, Plaintiff's request for leave to re-open discovery on a limited issue was referred to the Honorable Linda Lopez by the Honorable Roger T. Benitez. ECF No. 121.

On March 11, 2019, the Court denied both: (1) Plaintiff's request to reconsider the joint dismissal of Plaintiff's Section 1983 claims against Defendant CPMG; and (2) Plaintiff's request for leave to amend Plaintiff's Complaint to add three individual CPMG defendants. See ECF No. 151.

**ANALYSIS**

Once a Rule 16 scheduling order is issued, the dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party).

Plaintiff asserts that on December 6, 2018, the former County Defendants[1] produced documents that "highlighted a heretofore unknown and undisclosed bitter-feud between CPMG and the county." Mot. at 7. Specifically, Plaintiff alleges these e-mails indicate that high-ranking CPMG officials (identified as Dr. Mannis, Dr. Rao, and Dr. Badre) "intentionally failed to train and supervise its providers." Id. at 13. Plaintiff further alleges the documents highlight inconsistencies in the prior deposition testimony of the County's Medical Director, Dr. Joshua. Id. at 9-12; Reply at 3-4. In support of her request to re-open discovery, Plaintiff argues she "had no way of knowing this dispute existed" prior to the former County Defendants' production. Mot. at 15. For these reasons, Plaintiff request that the Court re-open discovery to allow for: (1) the depositions of Dr. Mannis, Dr. Rao, Dr.

---

[1] Defendants County of San Diego, Kyle Klein, Leah Gache, Vicky Felizardo, Lavinia Fifita, Rudolph Gertzki and Ethan Miedecke's were dismissed from the case on February 7, 2019. See ECF No. 142.

Badre, and Dr. Joshua; (2) ten additional RFPs; and (3) ten additional special interrogatories on this "limited issue." Id.

As an initial matter, the Court notes Plaintiff's request: (1) for reconsideration of the Court's prior order granting the Parties' Joint Motion to Dismiss Plaintiff's Section 1983 claims against CPMG; and (2) for leave to amend Plaintiff's Complaint to add three individual CPMG defendants has already been denied. See ECF No. 151. To the extent Plaintiff is requesting that the Court re-open discovery to allow Plaintiff to support Section 1983 claims against CPMG, this request is now moot.[2]

Even if Plaintiff was seeking to reopen discovery for another "limited purpose," the Court does find good cause to retroactively modify the scheduling order in this case. Centrally, Plaintiff bases her request on an "unknown" feud between CPMG and the County. However, as this Court already found, the existence of an ongoing feud between CPMG and the former County Defendants is not new information to the Parties or to the Court. See ECF No. 151 at 3.

Plaintiff also fails to show that she was diligent in seeking discovery. Indeed, Plaintiff concedes that during the discovery period, the only discovery she propounded to CPMG were two Requests for Production, neither of which requested e-mail correspondence between CPMG and the County. Mot., Ex. 5; Reply at 4. In defense, Plaintiff's argues that even if she had sent the appropriate RFPs to CPMG, CPMG would have objected and then failed to produce the relevant documents. Id. Plaintiff's allegation as to what CPMG "probably" would have done however does not somehow justify her own failure to pursue discovery in a timely fashion.[3]

---

[2] Similarly, to the extent Plaintiff bases her request out of a concern that the County Defendants would use an "empty chair" defense, the Court already noted this theory is no longer a concern given Plaintiff's settlement with the County Defendants. See ECF No. 151 at 4; ECF No. 142.

[3] To the extent Plaintiff has based her request on the County Defendants' failure to timely produce relevant documents, the Court has already noted Plaintiff's lack of diligence in failing to even attempt to rectify the County's alleged delay. ECF No. 151 at 2.

Finally, the record does not support Plaintiff's serious allegation that the "feud" between the County and CPMG was being actively concealed from her. See Reply at 2-3. Specifically, Plaintiff alleges Dr. Joshua testified falsely under oath that he had no issues with CPMG's training methods with "the intent to conspire with CPMG to conceal any wrongdoing." Id. at 3. This accusation however is not borne out by the record. Indeed, in the portion of Dr. Joseph's deposition cited by Plaintiff, Dr. Joshua provides no opinion regarding his level of satisfaction:

> Q    Did you have any, as medical director in 2015, criticisms with the manner in which CPMG provided that training to its psychiatrists and nurse practitioners?
>
> A    So I was basically told that it was essentially done on the individual level as providers were coming on board.
>
> Q    Okay.
>
> A    And that it was being done by the medical director.

Mot., Ex. 7 at 140:17-141:1. This testimony does not support Plaintiff's conspiracy theory.

For these reasons, the Court **DENIES** Plaintiff's request to re-open discovery on a limited basis.

**IT IS SO ORDERED.**

Dated: March 18, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge