UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE NISHIMOTO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br>DOES 1-100, inclusive,<br><br>　　　　　　　　　Defendants. | Case No.: 16CV1974-BEN-LL<br><br>**ORDER GRANTING IN PART DEFENDANT CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC.'S MOTION FOR SANCTIONS FOR VIOLATION OF THE PROTECTIVE ORDER**<br><br>**[ECF No. 132]** |

Currently before the Court is Defendant Correctional Physicians Medical Group ("CPMG")'s Motion for Sanctions [ECF No. 132 ("Mot.")], Plaintiff Rochelle Nishimoto's Opposition to Defendant's Motion [ECF No. 148 ("Opp.")], and Defendant's Reply [ECF No. 150]. For the reasons set forth below, the Court **GRANTS IN PART** CPMG's Motion for Sanctions.

## RELEVANT BACKGROUND

The instant dispute arises from Plaintiff counsel's alleged failure to file e-mail documents designated as "CONFIDENTIAL" under seal in violation of the Protective Order in this case.

1

## I. Stipulated Protective Order

The Protective Order in this case was entered on July 13, 2018. See ECF No. 65. It governs:

> [T]he dissemination and maintenance of medical, employment, documents generated by or directed to the Citizen Law Enforcement Review Board (CLERB)[1], jail records pertaining to non-party inmates, and law enforcement records, and other materials that may contain confidential sensitive information that are produced and released to plaintiff and his attorney, or any other party in this lawsuit, as ordered by the Court.

Id. at 1.

The Protective Order states Parties "shall not disclose the contents of the documents, or provide the documents or copies of the documents, or the substance of the documents or electronically disseminate the documents or data extracted from the documents, to anyone except as specified [in the Protective Order]." Id. at 2.

Pursuant to the Protective Order, each party may designate documents and materials produced in the instant litigation as "CONFIDENTIAL." Id. Documents designated as "CONFIDENTIAL" may only be disclosed to:

> (a) the parties' respective attorneys, and any party to this action;
>
> (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or other proceedings in this case;
>
> (c) designated expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;
>
> (d) the Court and its personnel; and
>
> (e) stenographic reporters engaged in proceedings as are necessarily incidental to preparation for the trial of this action.

Id. at 2-3.

Pursuant to the Protective Order, documents designated as "CONFIDENTIAL" are not to be filed with the Clerk of the Court "except under seal in a matter consistent with such procedures provided by the Court and/or as allowed by a Court order." Id. at 4.

The Protective Order does not provide a specific procedure to follow in order to challenge another party's confidential designation.

## II. Production of Documents Designated "CONFIDENTIAL" and Plaintiff's Motion for Reconsideration

In their Motion, CPMG alleges that: "[o]n December 6, 2018," the former County Defendants[1] produced documents marked "CONFIDENTIAL" to Plaintiff. Mot. at 2.

On January 2, 2019, Plaintiff filed a Motion for Reconsideration requesting that the Court: (1) reverse the dismissal of Plaintiff's Section 1983 claims against CPMG; (2) grant leave to add three CPMG officials to the case; and (3) grant leave to continue discovery on a limited basis. ECF No. 119. In her motion, Plaintiff attached two documents designated as "CONFIDENTIAL" as Exhibits 1 and 3. Id. at Exs. 1, 3. Exhibit 1 is a Termination for Cause Notice ("Termination Notice"). Exhibit 3 is a series of e-mail exchanges. Plaintiff included the substance and language from these documents in her Motion for Reconsideration. See id. at 7-10.

CPMG argues the "documents and the quoted language were not filed under seal as required by the Protective Order[.]" Id. at 2.

## III. Filings in Estate of Ruben Nunez et al v. County of et al, 16cv1412 ("Nunez") and Moriarty v. County of San Diego, 17cv1154 ("Moriarty")

In their Motion, CPMG argues "it is clear from the subsequent meet and confer attempts" with Plaintiff's counsel that the public disclosure of these documents was done "intentionally" to provide information to plaintiff's counsel in the Nunez case. Mot. at 3.

---

[1] Defendants County of San Diego, Kyle Klein, Leah Gache, Vicky Felizardo, Lavinia Fifita, Rudolph Gertzki and Ethan Miedecke's were dismissed from the case on February 7, 2019. See ECF No. 142.

3

16CV1974-BEN-LL

In support. CPMG notes that on January 7, 2019, plaintiff's counsel in Nunez filed a Motion for Reconsideration in that case. Nunez, ECF No. 337. Attached as Exhibits 9-12 to this motion are the Termination Notice and e-mail exchanges designated "CONFIDENTIAL" but filed publicly in Plaintiff's Motion for Reconsideration in this case. See Nunez, ECF No. 337 at Ex. 9-12.

In her declaration, plaintiff's counsel in Nunez states: (1) "[o]n December 12, 2018" she was notified by Plaintiff's counsel in this case "that the County of San Diego had just served on them documents relevant to the death of Ruben Nunez"; (2) that out of the concern the documents could be subject to the Protective Order in this case, she did not request a copy of these documents; and (3) that she obtained Exhibits 9-11 through the public filings in this case. Nunez, ECF No. 337, Decl. of Julia Yoo at ¶¶ 17-23.

CPMG argues that as further evidence of the "intentional nature" of Plaintiff's conduct, on January 28, 2019, Plaintiff's counsel filed these same documents publicly in the Moriarty case. See Moriarty, ECF No. 64 at Ex. 2.

## **LEGAL STANDARD**

Rule 37 of the Federal Rules of Civil Procedure "grants courts the authority to impose sanctions where a party has violated a protective order issued pursuant to Rule 26(f)." O'Connor v. Uber Techs., Inc., 2017 U.S. Dist. LEXIS 141095, at *15 (N.D. Cal. Aug. 31, 2017) (quoting Life Techs. Corp. v. Biosearch Techs., Inc., 2012 U.S. Dist. LEXIS 63974, at *23-24 (N.D. Cal. May 7, 2012)).

Rule 37 "authorizes the district court to impose a wide range of sanctions if a party fails to comply with a discovery order." United States v. Nat'l Med. Enters., Inc., 792 F.2d 906, 910 (9th Cir. 1986) (citations omitted). "The choice among the various sanctions rests within the discretion of the district court." United States v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir. 1980). However, the court's authority to issue sanctions "is subject to certain limitations[.]" Nat'l Med. Enters., Inc., 792 F.2d at 910 (citations omitted). Specifically: "(1) the sanction must be just; and (2) the sanction must specifically relate to the particular claim at issue in the order." Id.

# ANALYSIS

## I. Submission of the E-mail Documents in Plaintiff's Motion for Reconsideration

The Court first addresses whether Plaintiff violated the Protective Order in this case. See Apple, Inc. v. Samsung Elecs. Co., Ltd., 2014 U.S. Dist. LEXIS 11778, at *33 (N.D. Cal. Jan. 29, 2014) (the first question is "has [the Court's] protective order been violated?").

Here, the Court finds Plaintiff's counsel violated the Protective Order by unilaterally filing documents designated as "CONFIDENTIAL" publicly and then failing to take any action once an objection was raised. Under the plain terms of the Protective Order, "[d]ocuments designated as Confidential shall not be filed with the Clerk of Court except under seal in a manner consistent with such procedures provided by the Court and/or as allowed by a Court order." ECF No. 65 at 4 (emphasis added).

Plaintiff's counsel does not dispute the publicly filed documents were designated "CONFIDENTIAL." Opp. at 2. Instead, Plaintiff's counsel alleges they took "diligent steps" to determine if the documents were meant to be designated in this way. Id. at 6. The steps that Plaintiff's counsel took, and the responses taken by the former County Defendants and CPMG, are not however a model of clarity.

Plaintiff's counsel first states they raised the issue with the former County Defendants who allegedly: (1) "purposefully equivocated" regarding the confidentiality of the documents; (2) raised concerns about disseminating non-party information; and (3) then stated they would "get back" to Plaintiff's counsel but never did. Opp. at 2-3, 6-7; Decl. of Christopher Morris at ¶¶ 2-3.

Plaintiff's counsel states that because the former County Defendants only voiced a concern about publicly disseminating third-party information, Plaintiff reached out to Mr. Nunez's counsel who waived the privilege on her client's behalf. Opp. at 3. At that point, Plaintiff's counsel appears to have convinced themselves that they had dealt with the former County Defendants' only concern.

Accordingly, on December 10, 2018, Plaintiff's counsel proceeded to file the Termination Notice publicly as an exhibit to Plaintiff's Opposition to the County Defendants' Motion for Summary Judgment. See ECF No. 109, Ex. 1. The former County Defendants and CPMG did not request that this document be sealed.[2] Plaintiff argues that because of their failure to object, "any alleged confidential status has been waived." Opp. at 9.

Plaintiff's counsel then proceeded to file both the Termination Notice and e-mail exchanges publicly in Plaintiff's Motion for Reconsideration. ECF No. 119 at Exs. 1, 3. Plaintiff's counsel subsequently refused to withdraw the documents and/or re-file them under seal after being requested to do so by both the former County Defendants and CPMG. See Mot., Ex. A; Reply, Ex. 3.

The Court does not find that the "diligent steps" Plaintiff's counsel took somehow justifies their violation of the Protective Order. To the extent Plaintiff's counsel contends the materials designated as "CONFIDENTIAL" were improperly marked, Plaintiff should have challenged these designations before the Court prior to publicly filing them. Plaintiff's counsel could not simply unilaterally decide that the materials were improperly designated. See Brady v. Grendene USA, Inc., 2015 U.S. Dist. LEXIS 73225, at *8-9 (S.D. Cal. June 5, 2015) (holding that whether a document should be designated confidential is irrelevant to a party's obligation to comply with a Protective Order); Brocade Communs. Sys. v. A10 Networks, Inc., 2011 U.S. Dist. LEXIS 99932, at *14 (N.D. Cal. Sep. 6, 2011) ("It is not up to the party filing a document containing information designated as confidential by the other party to make a subjective decision about whether the designation is accurate. That decision is for the court to make.").

---

[2] The former County Defendants objected to the Exhibit under the following grounds: "Irrelevant 401, Misleading 403, Subsequent Remedial Measure 407, Hearsay 801 802, Calls for Speculation 701, Lacks Foundation 901." ECF No. 117-3 at 2.

In addition, even if Plaintiff's counsel took CPMG and the former County Defendants' initial silence somehow as "consent," Plaintiff was certainly aware a dispute existed by early January once both CPMG and the former County Defendants requested that Plaintiff withdraw the documents and file them under seal. See Opp., Ex. A; Reply, Ex. 3. Again, the proper course of action would have been for Plaintiff to seek the Court's intervention, rather than simply refuse to withdraw these documents.

## II.  Appropriate Sanctions

In their Motion, CPMG requests: (1) terminating or evidentiary sanctions; and (2) fees and costs associated with filing the instant motion. Mot. at 6. In determining whether to issue sanctions and what form sanctions should take, the Court "must look to the totality of the circumstances surrounding each violation." Apple, Inc., 2014 U.S. Dist. LEXIS 11778, at *37.

Here, the Court declines to impose terminating or evidentiary sanctions for several reasons. First, it is not clear that the documents at issue were properly designated. Neither Party has directly addressed this issue and it is not ripe for the Court's determination.

Second, the Protective Order does not provide a formal mechanism by which to challenge another party's confidentiality designation. See ECF No. 65. Absent the lack of a formal process, the Court does not find Plaintiff's actions warrant terminating or evidentiary sanctions. The record indicates Plaintiff did reach out to the County Defendants regarding the confidentiality of the documents at issue, but did not receive a definitive response. Opp. at 2-3, 6-7; Decl. of Christopher Morris at ¶¶ 2-3. Plaintiff then filed at least one of the documents—the Termination Notice—publicly. See ECF No. 109, Ex. 1. The former County Defendants and CPMG did not request that this document be sealed. See Docket. In addition, although Plaintiff's counsel did not immediately seek the Court's intervention after CPMG and the County Defendants objected to Plaintiff's public filings in Plaintiff's Motion for Reconsideration, Plaintiff's counsel did engage in discussions via e-mail with both the former County Defendants and CPMG regarding this dispute. See Mot., Ex. A; Opp., Ex. 3.

7

Third, apart from CPMG's accusations, there is no evidence that Plaintiff publicly filed these documents "intentionally" to provide information to counsel in other cases. The record indicates only that Plaintiff's counsel reached out to counsel in <u>Nunez</u> to seek to have them waive privilege on their client's behalf. Opp., Decl. of Christopher Morris at ¶¶ 7-8; <u>Nunez</u>, ECF No. 337, Decl. of Julia Yoo at ¶¶ 17-23.

Fourth, CPMG has not articulated how it has been harmed or prejudiced by Plaintiff's actions, particularly in light of the Court's denial of Plaintiff's Motion for Reconsideration. <u>See</u> ECF Nos. 151 and 152.

This is not to say that the Court countenances either Plaintiff's decision to unilaterally file documents designated "CONFIDENTIAL" publicly or Plaintiff's subsequent refusal to act once objections were raised. As already discussed, the plain terms of the Protective Order are clear. If Plaintiff sought to file the documents at issue in its Motion for Reconsideration publicly, the proper course of action would have been to seek the Court's intervention, rather than make a unilateral decision to do so.

For these reasons, the Court **ORDERS** Plaintiff's counsel to reimburse CPMG and their counsel for any and all costs and fees incurred in litigating this motion. This expense, in addition to the public finding of wrongdoing, is in the Court's opinion, sufficient to remedy CPMG's harm and to discourage similar conduct in the future.

CPMG is **ORDERED** to file by **March 22, 2019** a declaration from counsel with supporting documentation showing the fees and costs incurred in litigation this motion. CPMG's submission should be limited to the costs and fees associated with preparing and filing its motion and reply, not time spent communicating with opposing counsel.

Plaintiff is **ORDERED** to file any objections to CPMG's calculation of costs by **March 29, 2019**.

**IT IS SO ORDERED.**

Dated: March 18, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge