UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE NISHIMOTO,<br><br>                 Plaintiff,<br>v.<br><br>COUNTY OF SAN DIEGO,<br>DOES 1-100, inclusive,<br><br>                 Defendants. | Case No.: 16CV1974-BEN-LL<br><br>**ORDER AWARDING REASONABLE ATTORNEYS' FEES** |

On March 18, 2019, this Court entered an Order granting in part Defendant Correctional Physicians Medical Group ("CPMG")'s Motion for Sanctions. ECF No. 153. The Court ordered Plaintiff Rochelle Nishimoto's counsel to reimburse CPMG and its counsel for any and all fees incurred in litigating CPMG's Motion for Sanctions. Id. at 8. On March 20, 2019, CPMG submitted a declaration with supporting documentation alleging CPMG had incurred fees totaling $2,080 associated with filing its Motion for Sanctions. ECF No. 154. This assessment was based on 10.4 hours spent litigating CPMG's Motion for Sanctions at a hourly rate of $200/hr. Id. at ¶ 2. Plaintiff was provided two opportunities to respond to CPMG's calculation of fees. ECF Nos. 153 at 8; 163 at 2. As of the date of this Order, Plaintiff has not filed a response. See Docket.

On March 22, 2019, the Court granted Defendant Anne Brantman's Motion for Summary Judgment in favor of Defendants Brantman and CPMG and this action was dismissed. See ECF Nos. 155, 156. As the Court noted in its April 10, 2019 Order however, this Court retained jurisdiction to consider collateral issues—including sanctions and an award of attorneys' fees. ECF No. 163 at 1-2. Subsequently, on April 10, 2019, Plaintiff filed a Notice of Appeal to the Ninth Circuit. See ECF No. 164. "When a proper notice of appeal has been timely filed, the general rule is that jurisdiction over any matters involved in the appeal is immediately transferred from the district court to the court of appeals." In re Thorp, 655 F.2d 997, 998 (9th Cir. 1981) The Ninth Circuit has however recognized exceptions where the district court may retain jurisdiction to rule on ancillary matters, such as attorneys' fees and sanctions. See United Energy Owners v. United Energy Mgmt., 837 F.2d 356, 358 (9th Cir. 1988) (district court retained jurisdiction to impose sanctions while plaintiffs' appeal from judgment of dismissal was pending); Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956-57 (9th Cir. 1983) (district court retains jurisdiction to award attorneys' fees after plaintiff files a notice of appeal from the district court's decision on the merits). Accordingly, although Plaintiff has filed a Notice of Appeal, this Court still retains jurisdiction to consider the issue of sanctions.

The Court has reviewed the declaration and supporting documents submitted by CPMG. As an initial matter, the Court finds that although the hourly rate is reasonable, CPMG has lumped the entries together making it difficult to determine how much time was spent on particular issues. In particular, one of CPMG's block-billed entries does not appear to pertain to CPMG's briefing on the instant matter. Specifically, the January 30, 2019 entry indicates that 1.70 hours was spent performing a number of tasks, including: "REVIEW OF CORRESPONDENCE FROM COURT RE MANDATORY SETTLEMENT CONFERENCE." ECF No. 154 at 6. In addition, in its March 18, 2019 Order, the Court ordered CPMG to include only the fees associated with preparing and filing its motion and reply, and not time spent communicating with opposing counsel. ECF

No. 153 at 8. Despite this, CPMG includes two block-billed entries incorporating time spent conferring with opposing counsel. ECF No. 154 at 5-6.

For these reasons, the Court discounts these entries totaling 2.3 hours of attorney time by an hour. No other deductions are warranted. The Court therefore **ORDERS** Plaintiff's counsel to pay $1,880 for 9.4 hours of attorney time at $200/hour directly to CPMG within thirty days of the filing of this Order.

**IT IS SO ORDERED.**

Dated: April 29, 2019

Honorable Linda Lopez
United States Magistrate Judge