

FILED
Jun 30 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/AKR    DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 09 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROCHELLE NISHIMOTO, individually and as successor in Interest to Jason Nishimoto,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>COUNTY OF SAN DIEGO; et al.,<br><br>    Defendants,<br><br>ETHAN MIEDECKE; et al.,<br><br>    Defendants,<br><br>and<br><br>ANNE BRANTMAN and CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC.,<br><br>    Defendants - Appellees. | No. 19-55418<br><br>D.C. No. 3:16-cv-01974-BEN-LL<br>U.S. District Court for Southern California, San Diego<br><br>**MANDATE** |

The judgment of this Court, entered March 18, 2021, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

Each party shall bear its own costs on appeal.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rhonda Roberts
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROCHELLE NISHIMOTO, individually and as successor in Interest to Jason Nishimoto,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>COUNTY OF SAN DIEGO; et al.,<br><br>        Defendants,<br><br>ETHAN MIEDECKE; et al.,<br><br>        Defendants,<br><br> and<br><br>ANNE BRANTMAN; CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC.,<br><br>        Defendants-Appellees. | No.   19-55418<br><br>D.C. No.<br>3:16-cv-01974-BEN-LL<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted September 2, 2020
Pasadena, California

---

      [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  IKUTA and BENNETT, Circuit Judges, and WOODLOCK,[**] District Judge.

Rochelle Nishimoto appeals the district court's grant of summary judgment to Correctional Physicians Medical Group ("CPMG") and CPMG Nurse Practitioner Anne Brantman.[1]  Nishimoto also appeals the district court's denial of her motion for reconsideration under Federal Rule of Civil Procedure ("Rule") 60(b)(2) and request to add three CPMG officials to the lawsuit.  Her lawsuit arises from the suicide of her son, Jason Nishimoto ("Jason"), while he was in custody at the Vista Detention Facility.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

We reverse the district court's grant of summary judgment because, viewing the evidence in the light most favorable to Nishimoto, there is a genuine issue of material fact as to whether Nurse Brantman recommended that Jason be transferred to a medical observation cell and communicated Jason's suicide risk to the medical staff.[2]  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626,

---

[**] The Honorable Douglas P. Woodlock, United States District Judge for the District of Massachusetts, sitting by designation.

[1] The other defendants, the County of San Diego ("County") and six County employees, were dismissed after settling with Nishimoto.

[2] Because Nurse Brantman and CPMG make no argument that these facts are not material, we assume without deciding that they are material with respect to Nishimoto's claims.

2

630 (9th Cir. 1987). Nurse Brantman's detailed evaluation note made no recommendation to move Jason to a medical observation cell and noted no conversation in which she had made such a recommendation. And even though Nishimoto had told Nurse Brantman that Jason had taken a bottle of Klonopin pills to kill himself,[3] Nurse Brantman's note mentioned no suicide risks. Further, it is undisputed that Jason was never moved to a medical observation cell, and that the medical staff had followed Nurse Brantman's housing recommendation on every other occasion except in Jason's case. Construing this evidence in the light most favorable to Nishimoto, a rational trier of fact could find that Nurse Brantman never recommended that Jason be moved to a medical observation cell or relayed concerns about any suicide risks. *See id.* at 631.

Though we find that genuine issues of material fact exist based on the evidence that the district court did not exclude, we note that the district court erred in sustaining objections to Deputy Johnson's deposition testimony regarding a conversation he overheard between Nurse Brantman and Nurse Felizardo.[4] That Deputy Johnson may not have been paying attention to the entirety of the

---

[3] Nurse Brantman disputes this fact, but we accept Nishimoto's account as true for summary judgment purposes.
[4] It also appears that the district court improperly excluded a portion of Deputy Johnson's deposition testimony in which he testified that Nurse Brantman never told *him* about Jason's suicide risks. Deputy Johnson clearly had personal knowledge about what Nurse Brantman told him.

3

conversation goes to the weight not the admissibility of his testimony, especially since he specifically testified to certain parts of the conversation.[5]

In sum, the district court erred in finding that it was undisputed that Nurse Brantman had recommended moving Jason to a medical observation cell and relayed her concerns to medical staff about Jason's suicide risks. Because the district court granted summary judgment to Nurse Brantman and CPMG based on these incorrect findings, we reverse the district court's summary judgment order.[6]

Before discovery had been completed, Nishimoto and CPMG jointly moved to dismiss the two § 1983 claims against CPMG with prejudice. The court granted the joint motion ("Order Granting the Joint Motion"). After receiving new discovery materials from the County defendants, Nishimoto filed a motion for reconsideration under Rule 60(b)(2) to undo the Order Granting the Joint Motion and requested leave to add three CPMG officials to the lawsuit.[7] The court denied

---

[5] Because we reverse based on the evidence that the district court did not exclude, we need not decide if the district court erred in excluding other evidence.

[6] We decline to reach Nurse Brantman's qualified immunity argument, as she raises it for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). We leave this issue to the district court, should Nurse Brantman raise it on remand. Nurse Brantman also argues that, based on her expert's report, it is undisputed that she met the standard of care. But her expert's conclusion depended on the material disputed assumption that Nurse Brantman recommended moving Jason to a medical observation cell. Thus, her argument fails. Similarly, we reject Nurse Brantman's causation argument because it rests on her expert's report.

[7] Like the district court, we assume that Nishimoto properly brought her reconsideration motion under Rule 60(b)(2).

4

the motion for reconsideration because, among other things, Nishimoto's "joint motion to dismiss was her own strategic decision, a decision that could have been delayed until after the County's email production." The court also noted Nishimoto's lack of diligence in trying to procure the evidence as she never moved to compel the County to produce its documents.

To establish that the district court abused its discretion in denying her Rule 60(b)(2) motion, Nishimoto must show that the discovery materials "constituted 'newly discovered evidence' within the meaning[] of Rule[] 60(b)(2)." *Coastal Transfer Co. v. Toyota Motor Sales*, 833 F.2d 208, 211 (9th Cir. 1987). "Evidence is not 'newly discovered' under the Federal Rules if it . . . could have been discovered with reasonable diligence." *Id.* at 212. The record reveals that Nishimoto could have obtained the discovery materials from the County had she been reasonably diligent. Thus, she fails to show that the district court abused its discretion. We also note, contrary to Nishimoto's claim, she could not have relied on Dr. Joshua's testimony in filing the joint motion because his deposition occurred *after* the joint motion was filed. And if Nishimoto needed more time to obtain discovery to support her opposition to CPMG's motion for summary judgment, she could have sought relief under Rule 56(d) rather than agree to dismiss the § 1983 claims against CPMG. Under the circumstances, the district court did not abuse its discretion.

Finally, the district court did not abuse its discretion in denying Nishimoto's request to add the CPMG officials. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000) (reviewing for abuse of discretion where plaintiffs sought to amend their complaints after scheduled deadline had passed). Because the deadline for joining parties and for filing pretrial motions had passed, the district court correctly applied the "good cause" standard under Rule 16(b)(4) to Nishimoto's request. *See id.* at 1294. Nishimoto argued that she established good cause because, before receiving the new discovery materials, she did not know about the feud between CPMG and the County.[8] But before Nishimoto agreed to dismiss the § 1983 claims against CPMG, CPMG's counsel had informed Nishimoto's counsel that there was a separate action between CPMG and the County related to issues in this case. Given this, the district court did not abuse its discretion in denying Nishimoto's request to add the CPMG officials.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[8] The district court rejected Nishimoto's other argument establishing good cause as moot, and Nishimoto does not appeal that part of the district court's decision.

6